Dominica C. Anderson (SBN 124267)
**DUANE MORRIS LLP**
Spear Tower
One Market Plaza, Suite 2200
San Francisco, CA  94105-1127
E-mail:  dcanderson@duanemorris.com

Daniel B. Heidtke (SBN 302450)
**DUANE MORRIS LLP**
865 South Figueroa St., Ste. 3100
Los Angeles, CA  90017
Telephone: +1 213 689 7400
Fax: +1 213 689 7401
E-mail:       dbheidtke@duanemorris.com

Attorneys for Plaintiff
Liberty Mutual Fire Insurance Company

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE COMPANY,<br><br>PLAINTIFF,<br><br>V.<br><br>BOSA DEVELOPMENT CALIFORNIA II, INC.; INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA; CM FIRESTOP, INC.; HORIZON PAINTING CO., INC.; LYONS MASONRY, INC.; NEWWAY STRUCTURES, INC.; MISSION POOLS; PETER ROSS CA, INC.; S.D. SYSTEMS, INC. DBA SUPERIOR DOOR SYSTEMS; SOUTHLAND ELECTRIC, INC.; WILLIAM KELLY & SONS CALIFORNIA, INC.; STARLINE WINDOWS, INC.; STAR TEAM INSTALLATIONS INC.,<br><br>DEFENDANTS. | Lead Case No.:  3:17-cv-0666-AJB-BGS; 3:17-CV-00945-AJB-BGS<br><br>**LIBERTY'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE BOSA'S UNTIMELY EXPERT REPORTS [ECF NO. 139]**<br><br>SPECIAL BRIEFING SCHEDULE SEE ECF NO. 138<br><br>District Court: Hon. Anthony J. Battaglia<br><br>Magistrate: Hon. Bernard G. Skomal<br><br>Complaint Filed: April 3, 2017 |

Lead Case No. 17-cv-0666-AJB-BGS

LIBERTY'S REPLY ISO MOTION TO STRIKE BOSA'S UNTIMELY EXPERT REPORTS

Bosa's opposition primarily focuses on its accusations that Liberty's litigation conduct rises to the level of "bad faith." (*See* ECF 143.) That issue, were it to survive subsequent motions, is not the subject of this motion. This motion is about Bosa's failure to follow court and statutory rules and deadlines. Specifically, Bosa violated two of this Court's established deadlines: the January 4, 2019 initial expert disclosure deadline and the March 8, 2019 initial expert report deadline. Bosa makes no apology for this and simply says, "no harm, no foul." If Bosa's approach is the rule, why bother having rules and deadlines to begin with? Parties must abide by the rules and the deadlines. Accordingly, Bosa's "supplemental" expert reports should be stricken.

Bosa failed to follow this Court's January 4 initial disclosure deadline. On January 4, Bosa did not disclose that it retained McIntyre to opine on Liberty's litigation conduct. McIntyre's April 8 "supplemental" opinions about Liberty's litigation conduct, therefore, are improper. *See* FRCP 26(a)(2). As Bosa admits, it had the burden to demonstrate that its failure to properly disclose the scope of McIntyre's opinions was "substantially justified" or "harmless[.]" (ECF 143, p. 10 [*Yeti by Molly*, 259 F.3d at 1106].) Bosa did not address its failure to properly disclose the scope of McIntyre's opinions; instead, Bosa misleadingly claimed McIntyre "timely testified in his deposition regarding Liberty's litigation conduct." (ECF 143, p. 13.) In reality, on April 1, McIntyre demurred: "I will obviously look at it more between now and [April] 8th *if I'm asked to*." (ECF 139-1, p. 213.) In addition, despite McIntyre's sworn testimony on April 1 that he had not been asked to supplement his report, Bosa now claims it "acted as expeditiously as it could." (ECF 143, p. 13.) Bosa has not met its burden concerning its failure to properly disclose the scope of McIntyre's opinions. Therefore, McIntyre's improper, cumulative "supplemental" report should be stricken.

Bosa also failed to follow this Court's March 8 initial expert report deadline. Per Rule 26(a)(2)(B)(i), initial reports must contain a "complete statement" of all opinions. To support the "supplemental" reports, Bosa admits that Frangiamore's and McIntyre's initial reports did not contain all of their opinions. (*See* ECF 143, p. 13.) Bosa contends

its failure to follow this Court's order was "justified," because it did not "appreciate" needing the "supplemental" reports until after Liberty's MSJ was filed. (*Id.* pp. 11-13.) Bosa's excuse that Liberty's MSJ was the "watershed moment" is hollow: Bosa's experts opined on Liberty's MSJ and Bosa's related *ex parte* briefing in their initial reports. (ECF 139-1, pp. 100, 188, 213.) *Five weeks after* Liberty's MSJ was filed and <u>four court days</u> before Bosa served McIntyre's 33-page "supplemental" report, McIntyre testified he had <u>not</u> yet been asked to provide a "supplement." (*Id.*; *compare*, ECF 143 [claiming, "only <u>[9] court days</u>" was not enough time to review the MSJ].)

Bosa could have timely disclosed a "complete statement" of its experts' opinions, or requested more time. Despite this, Bosa claims the "supplemental" reports are "harmless." As support, Bosa relies on *Macias v. Perez*,[1] in which this Court cited *Salgado*[2] and *Metro Ford*[3] and explained, if an expert "deviated" from his initial opinions, the other party would have "strong grounds" to exclude such new opinions "as improper supplementation." *Salgado* excluded a "more detailed" supplemental report based on pre-initial deadline information; *Metro Ford* held, supplements "are not intended to provide an extension of the expert designation and report production deadline[.]" *Perez* supports striking the "supplemental" reports, which are based entirely upon facts that were available to Bosa prior to March 8.

Contrary to Bosa's contentions, Liberty has been harmed, as it will have to: (1) re-depose McIntyre and Robert Taylor (Bosa's damages expert); (2) depose Frangiamore, longer; (3) meet a new bad faith claim, outside the insurance context (Frangiamore, insurance expert), without an expert for McIntyre's ("ethicist") opinions; and (4) file a motion on the meritless, new "bad faith" claim based on privileged conduct. Thus, the "supplemental" reports should be struck to promote the "expeditious resolution" and at least the "procedural component" of resolving cases on the merits.[4]

---

[1] 2011 U.S. Dist. LEXIS 72870, *13-14 (S.D. Cal. July 7, 2011).
[2] *Salgado v. GM,* 150 F.3d 735, 743 (7th Cir. 1998).
[3] *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 324 (5th Cir. 1998).
[4] (ECF 139, p. 11 [quoting *Keener,* 181 F.R.D. at 640].)

| | | |
|---|---|---|
| 1 | DATED: June 3, 2019 | DUANE MORRIS LLP |
| 2 | | |
| 3 | By: | /s/ *Daniel B. Heidtke* |
| | | Dominica C. Anderson |
| 4 | | Daniel B. Heidtke |
| | | Attorneys for Liberty Mutual Fire Ins. Co. |