# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Liberty Mutual Fire Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Bosa Development California II, Inc., et al.,<br><br>Defendants. | Case No.: 3:17-cv-0666-AJB-BGS<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**<br>**(Doc. No. 118)** |

Defendant moves the Court for sanctions under Federal Rule of Civil Procedure arguing Plaintiff "blatantly ignored the absolute confidentiality of mediation writings and communications and, indeed, has purported to file such writings in the public record in support of its motion for summary judgment. . . ." (Doc. No. 118-1 at 8.)

Federal Rule of Civil Procedure 11 provides in pertinent part, that when an attorney presents a signed paper to a court that attorney is certifying that to the best of his or her "knowledge, information and belief, formed after an inquiry reasonable under the circumstances ... the claims, defenses, and other legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). When one party seeks sanctions against another, a court must first determine whether any provision of Rule 11(b) has been violated. *Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994). A finding of subjective bad faith

is not required under Rule 11. *See Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) ("Counsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head."). "Instead, the question is whether, at the time the paper was presented to the Court (or later defended) it lacked evidentiary support or contained 'frivolous' legal arguments." *Odish v. CACH, LLC*, No. 12cv1710-AJB (DHB), 2012 WL 5382260, at *3 (S.D. Cal. Nov. 1, 2012). If the court determines a Rule 11 violation occurred, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1) (emphasis added).

Although the Court ultimately granted Bosa's motion to strike three exhibits it held were protected by a mediation privilege, the Court finds that sanctions are not warranted. While the Court agreed with Bosa's interpretation of the mediation privilege, the Court finds that Liberty's position did not lack evidentiary support. The Court further finds that Liberty's motion was not based on frivolous arguments.

Bosa also argues Liberty's motion for summary judgment lacked evidentiary support since three of Liberty's exhibits were stricken. (Doc. No. 118-1 at 31.) However, because the Court did not reach the merits of Liberty's summary judgment motion, but instead ordered Liberty to re-file its motion without reference to the now-stricken exhibits, the Court cannot rule on the frivolousness, or lack thereof, of these arguments.

Accordingly, the Court **DENIES** Bosa's motion for sanctions at this time. (Doc. No. 118.)

**IT IS SO ORDERED.**

Dated: August 14, 2019

Hon. Anthony J. Battaglia
United States District Judge